## No. 13,670.

### WINDOLPH ET AL. *v.* PEOPLE.
(42 P. [2d] 197)

Decided February 25, 1935. Rehearing denied March 18, 1935.

Mr. LEONARD E. ANDERSON, Mr. STOTON R. STEPHENSON, for plaintiffs in error.

Mr. PAUL P. PROSSER, Attorney General, Mr. WALTER F. SCHERER, Assistant, for the people.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFFS in error, hereinafter referred to as defendants, or as Windolph and Jermark respectively, were jointly informed against, tried and convicted of burglary,

and each was sentenced to the penitentiary for a term of three to five years. To review that judgment they prosecute this writ and ask that it be made a supersedeas.

The assignments worthy of notice may be thus briefly stated: (1) The building in question was not within the statute; (2) certain evidence was improperly admitted; (3) instructions 12 and 14 were erroneous; (4) instructions 2 and 3, requested and refused, should have been given; (5) the evidence was otherwise insufficient. A short statement of facts is essential to an understanding of these assignments.

The information, in a single count, charged that defendants, with force, entered the "warehouse and granary" of one Bolinger with intent to steal, and did steal, 3310 pounds of popcorn of the value of $66.20. From the evidence the jurors were justified in believing that defendants borrowed an auto trailer of a neighbor, went at night to the premises of Bolinger in Morgan county, broke open a door of his building and took therefrom between 20 and 50 sacks of popcorn weighing approximately 100 pounds each; that they drove to Denver, via Greeley, where, the morning after the burglary, they sold 3310 pounds of popcorn (a part of which, at least, was a part of the stolen corn) for $66.20 and were paid by two checks, one for $44.14 to "Joe Albert," who was Jermark, the other for $22.06 to "R. F. Windolph," who was Windolph.

1. Among the buildings enumerated in our burglary statute is "ware-house." It is here contended that the building entered was a barn. It had been built and used as a barn, but at the time charged was used solely for the storage of grain. Hence it was within the statute. C. L. 1921, §6716; 2 Wharton's Crim. Law (12th Ed.), p. 1298, §1007; State v. Garrison, 52 Kan. 180, 34 Pac. 751. The word is used in the statute in its popular, not technical, sense, and that, according to Webster, includes "any structure used to store goods in."

2. The check issued to "Joe Albert" was endorsed by that name. While Jermark was in jail a letter

288

was therein written and sent out, signed "Roy," which no one can doubt was written by him. These exhibits were admitted over objection. Their only purpose was to identify Albert with Jermark by showing that the person who wrote the letter was the one who wrote the endorsement. They were unquestionably material and relevant for that purpose and their admission could not conceivably have prejudiced Windolph.

Some admissions were made by Windolph, among others, that he had participated in hauling and selling the popcorn, but that he did so for, and at the solicitation of "Joe Albert," whom he identified as Jermark. These statements, made as they were after the completion of the offense, were admissible only as to Windolph and were so limited by the court by instruction 7.

3. It is said that instruction 12 shifts the burden of proof. The contention is without merit. It states the law as to recent possession of stolen goods. It is, however, erroneously favorable to defendants because it ties the presumption to the finding of *all* the stolen popcorn in defendants' possession. A part of it only, so found, would be sufficient to support the presumption.

The first paragraph of instruction 14 permits the jurors to indulge presumptions against defendants by reason of false statements, if any, made by them concerning material features of the transaction. The general proposition is not attacked but it is alleged that there is no evidence of such false statements. With this we are unable to agree. True, neither of defendants testified, but they talked to others who did testify and made numerous statements inconsistent with what the jurors were entitled to accept as established facts. We find no error in the instruction.

4. Defendants' requested instruction 2 was fully covered by the court's instruction 12. It might however have been properly rejected for the identical error contained in the latter as hereinbefore pointed out. Defendants' requested instruction 3 specifically applies the

rule set forth in the court's instruction 7, as hereinbefore noted, to the letter written by Jermark while in jail. The only contention is that the court's instruction 7 is general whereas defendants' requested 3 is special. There is no merit in the assignment.

5. Aside from what has been hereinbefore said the contention that the evidence is insufficient rests largely upon the following points: (1) The alleged failure to identify *all* the popcorn sold in Denver with *all* the popcorn stolen from Bolinger; (2) the fact that persons other than defendants had access to the premises; (3) the fact that there were other doors and windows through which entrance to the premises might have been obtained without the use of force.

If we bear in mind two erroneous theories running throughout this case all objections to the sufficiency of the evidence are answered. The charge was tried solely as a charge of burglary, although the information mingled with it grand larceny. When the people established the breaking with intent to steal nothing more was required. Evidence of theft and recent possession of goods stolen was important here only as establishing the identity, and the intent which accompanied the breaking and entering. It is immaterial that there were other doors and windows through which defendants might have entered and it is immaterial that other persons had access to the premises. There is evidence here that these identical persons broke down a door for the purpose and with the intent to steal. If the jurors believed that evidence, as we must assume they did, the verdict must stand.

The judgment is affirmed.

MR. CHIEF JUSTICE BUTLER and MR. JUSTICE YOUNG concur.