No. 20,430.

ROBERT WILCOX *v.* THE PEOPLE OF THE
STATE OF COLORADO.
(380 P. [2d] 912)

Decided April 22, 1963.

Plaintiff in error, pro se.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mrs. AUREL M. KELLY, Assistant, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE FRANTZ delivered the opinion of the Court.

A THREE-COUNT information was filed against Wilcox and Gregory, charging them with burglary, conspiracy to commit burglary, and possession of burglar tools. To these charges they pled not guilty. At the conclusion of the trial, the jury returned verdicts finding the defendants guilty on all counts.

After the hearing had on motion for a new trial, the trial court dismissed the third count as to both defendants, holding that the matters therein alleged became merged in the burglary count. The trial court then denied the motion for new trial. Sentences were there-

upon imposed on the verdicts relating to counts one and two. Only Wilcox sued out a writ of error. He contends reversible error occurred in four respects as appears from the synoptic statements of the argument in his initial brief.

We quote these synoptic statements:

"Argument I. The trial court erred in failing to direct a verdict of not guilty on all three counts of the People's information for the reason that the prosecution failed to prove the guilt of the defendant beyond a reasonable doubt.

"Argument II. The trial court erred in failing to dismiss the third count of the People's information and further by failure to find that this count was based on a statute of Colorado that was invalid or void.

"Argument III. The trial court erred in giving instruction 11 and by failure to give the tendered instruction by the defendant in lieu thereof.

"Argument IV. The trial court erred by failure to substantiate defendant's motion of acquittal notwithstanding the verdict of the jury."

Sometime during the early hours of Sunday, July 10, 1960, the M. T. Murray Equipment Company (designated hereafter as the "company"), located at 1845 Federal Boulevard in Denver, Colorado, was burglarized, and removed therefrom were money and a camera lacking a lens and bearing the name "Sterling" on it. The burglary was discovered Sunday morning when an employee entered the building in which the business of the company was conducted.

Access to the building had been gained by breaking the pane of a window in the rear so that the latch could be reached and released, permitting entry through the window. Departure was through a door near the window. The door had been left open. Physical evidence at the scene made these conclusions readily inferable.

It was also observed that desk and counter drawers had been rifled. The door of the large safe had been

pried open. Files and papers were strewn over the floor of the establishment.

At about 2:30 in the morning of July 10, 1960, two police officers noticed Wilcox and Gregory walking in a southerly direction on Federal Boulevard. At the time, Wilcox and Gregory were approximately four blocks south of the company's place of business. The officers were attracted by what one officer thought was a rifle, the other a crowbar, which one of the men was carrying.

One of the officers saw Wilcox hand to Gregory a bag which he had been carrying. The officers stopped their car and accosted the two men, and found that the bag contained a number of tools, including the item which had attracted their attention — a crowbar. In the bag was a camera which, later inspection revealed, had no lens and bore the name "Sterling" on it. Money on their persons was taken from them, among the denominations in the possession of Gregory being twenty quarters.

Interrogation resulted in conflicting stories between Wilcox and Gregory, and neither was consistent with the other in his story of what happened that night. The officer testified to what these defendants said when they were interrogated individually and together, and brought out the differences between them in their statements and the internal conflict of the individual's statements appearing from several sessions in which they were interrogated together or individually.

The argument of Wilcox that there was a failure of proof revolves in great measure around the contention that evidence regarding possession of the tools, the camera, and the money was erroneously admitted over his objection. His argument is keyed to the proposition that he was not charged with larceny; that C.R.S. '53, 40-3-8, defining the crime of possessing burglar tools, is void because it is supplanted by C.R.S. '53, 48-8-20, defining vagrancy, and hence, evidence to establish a violation of C.R.S. '53, 40-3-8, was prejudicially received by the trial court.

■ More frequently than not, burglary must be established by circumstantial evidence. *People v. Geisler,* 348 Ill. 510, 181 N.E. 328. As is suggested by the cited case, burglary is seldom provable by direct evidence of actual breaking and entry by the person charged. But in the admission of certain circumstantial evidence, the law has safeguarded the person accused of burglary.

■ Thus, it should be borne in mind that the possession of burglarious tools as evidence in connection with the charge of burglary can only be considered when a burglary is first shown to have been committed. *Baca v. People,* 139 Colo. 111, 336 P. (2d) 712. And the decisions holding that possession of stolen goods, together with all other circumstances connecting the accused with the crime, is sufficient to convict of burglary, are predicated on the assumption that the burglarious entry has been proven. *Rueda v. People,* 141 Colo. 504, 348 P. (2d) 958; *Davis v. People,* 137 Colo. 113, 321 P. (2d) 1103; *Collins v. People,* 69 Colo. 343, 193 Pac. 634.

"Evidence of theft and recent possession of goods stolen was important here as establishing the identity, and the intent which accompanied the breaking and entering." *Windolph v. People,* 96 Colo. 285, 42 P. (2d) 197. There being no direct evidence in this case of breaking and entry by Wilcox, the possession within such short time of stolen property assumed great importance in connection with identity and intent.

■ We have aligned this state with the weight of authority which "sustains the proposition that proof that a burglary was committed, and that goods were then and there stolen, and shortly thereafter found in the possession of the accused will sustain a conviction." *Davis v. People,* supra.

Applying the cited law to the facts of this case, we hold that competent evidence was introduced, making a submissible circumstantial case of burglary for the jury's consideration and resolution.

Even though Wilcox may be correct in his contention that C.R.S. '53, 40-3-8, has been superseded by C.R.S. '53, 40-8-20, and hence he stood charged with a non-existent crime (a matter we need not and do not decide), he cannot derive any advantage therefrom, for the count of the information by which he was charged with the violation of C.R.S. '53, 40-3-8, was dismissed.

■ And Wilcox cannot complain of the action of the court in receiving evidence concerning the possession of burglar tools in violation of C.R.S. '53, 40-3-8. This evidence was admissible under the circumstances in this case in connection with the accusation of burglary, as we have already noted. It is the settled law of this state that, where evidence is introduced which tends to sustain two counts of an information, one of which, it develops, is insufficient, there is no prejudicial error where the evidence is admissible as to the good count. *Simmons v. People,* 70 Colo. 262, 199 Pac. 416; see *Smaldone v. People,* 102 Colo. 500, 81 P. (2d) 385.

Wilcox submitted an instruction to be given the jury in place of one which the trial court gave. Two changes were involved, one of which would render the instruction ambiguous and the other of which was niggling in seeking a modification of language. The instruction which the trial court gave was intelligible and one which has become standard in burglary cases involving possession of stolen property.

[6] Courts ordinarily should not depart from an approved instruction, and certainly should not be induced to insert ambiguous language in lieu of the precise language customarily used in such instruction. Nor should courts be persuaded to make an insignificant amendment of a long-accepted instruction, even though such change may not result in error.

We find that the trial court acted with propriety in giving the instruction it did, and in refusing to give the instruction which Wilcox tendered.

The evidence supported both counts. There was no

error in the trial of this defendant. Hence the judgment is affirmed.

MR. JUSTICE SUTTON not participating.