No. 20,485.

JAMES GREGORY *v.* THE PEOPLE OF THE
STATE OF COLORADO.
(382 P. [2d] 544)

Decided June 10, 1963.

Plaintiff in error, pro se.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK
E. HICKEY, Deputy, Mrs. AUREL M. KELLY, Special Assistant, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE FRANTZ delivered the opinion of the
Court.

ON April 22, 1963, a petition for rehearing was denied

in the case of *Wilcox v. The People,* 152 Colo. 173, 380 P. (2d) 912. From the facts in that case we know that Wilcox and the present plaintiff in error, James Gregory, were tried on charges of burglary, conspiracy to commit burglary, and possession of burglar tools, and both were convicted.

Gregory has prosecuted his writ of error, and therein has assigned as grounds for reversal four matters, three of which were urged by Wilcox and which were determined to have no merit. They appear as arguments I, III, and IV in our opinion in the Wilcox case.

■ For the content of these arguments, the circumstances surrounding their disposition, and our resolution of them, we refer to the opinion in that case. Gregory has not in his briefs persuaded us that we there incorrectly disposed of these arguments, and since they are identical on the identical record, we hold that they are without merit.

His remaining ground for reversal is stated to be:

"That the court erred in admitting testimony of the prosecution witness W. M. Ward, relative to statements made by the defendant Robert Wilcox and not made in the presence of the defendant James Gregory."

In his argument he maintains that such testimony was wholly inadmissible.

Wilcox and Gregory were being tried together, and the testimony was certainly admissible against Wilcox. Gregory neither objected thereto, nor asked for a protective cautionary instruction limiting the admissibility of such testimony to the charge against Wilcox only. Indeed, the reception of this evidence is attacked for the first time in Gregory's motion for new trial.

■ Where a damaging statement as to a co-defendant charged with crime is admitted in evidence, it is the duty of the other on trial with him, if he wants its scope limited, to ask then and there for an instruction that such evidence does not apply to the latter and that it should not be considered by the jury in connection with

him. *Thompson v. People,* 139 Colo. 15, 336 P. (2d) 93; *Brown v. People,* 124 Colo. 412, 238 P. (2d) 847.

Under the circumstances, Gregory is in no position to complain about the reception of this testimony.

The judgment is affirmed.