No. 21868.

JOHN DIAZ *v.* THE PEOPLE OF THE STATE OF COLORADO.
(420 P.2d 824)

Decided December 5, 1966.

Joseph C. Jaudon, for plaintiff in error.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, George E. DeRoos, Assistant, for defendant in error.

*In Department.*

Per Curiam.

Plaintiff in error, herein referred to as the defendant, was tried before a jury and found guilty on the four counts of burglary, larceny, and conspiracies to commit burglary and larceny. A motion for a new trial was overruled and the defendant duly sentenced as provided by law. He is here by writ of error and advocates two grounds for reversal, namely:

1. There was insufficient evidence to identify defendant as the perpetrator of the crimes charged.

2. There was insufficient, and improper, evidence introduced to establish defendant's previous conviction of a felony.

The evidence in the record discloses that in the early morning hours of July 1, 1964, the prosecuting witness, Frydendall, was awakened by Denver policemen and observed broken locks on his tool shed, and certain items missing from his shed which were found in the back seat and trunk of a Cadillac car parked near his home. During the trial, Frydendall identified the defendant as being the same person seen at the Cadillac car on the night the alleged offenses took place. He further identified the defendant as being in the Frydendall home about a week prior to the date of the alleged crimes.

Another witness in the neighborhood observed from inside his house two men bent over the trunk of a parked

car. Thereafter one of the men looked in the witness' garage and the other man continued on to the alley. After a few minutes he saw the two men carry a lawnmower and place it in the trunk of the Cadillac. These activities appeared sufficiently suspicious to prompt the witness to call the police. Upon the immediate arrival of the police, he saw the defendant with another man, and a woman who had been sitting in the car. The defendant would not come to the side of the automobile where the officer was holding the other man; this facet of the testimony was corroborated by other police officers. One of the officers found a pack of Pall Mall cigarettes in the alley near the scene and an opened carton of such brand cigarettes in the Cadillac car.

In substance, the defendant claimed that he was asleep during the burglary and was awakened by his friend, Mr. Cordero, who wanted help in closing the trunk; the defendant grabbed everything in the trunk, so he said, and threw it on the sidewalk, but later placed the items back in the trunk of the car. The defendant admitted he owned the car in question and that he smoked Pall Mall cigarettes.

The defendant does not maintain that there was insufficient evidence to establish the crime of burglary and larceny and the conspiracies to commit the same, but reduces his contention to the proposition that the evidence introduced was not sufficient to connect the defendant with the commission of the crimes shown.

██ Burglary, like many other covert type crimes, is seldom provable by direct evidence of actual breaking and entering, but may be established by circumstantial evidence.

In *Wilcox v. People,* 152 Colo. 173, 380 P.2d 912, it is stated:

"We have aligned this state with the weight of authority which 'sustains the proposition that proof that a burglary was committed, and that goods were then and there stolen, and shortly thereafter found in the

possession of the accused will sustain a conviction.'
* * *."

This court, in the same case, commented further on the correlation of circumstantial evidence with the identity of the accused in cases such as the one at bar, when it stated:

"* * * And the decisions holding that possession of stolen goods, together with all other circumstances connecting the accused with the crime, is sufficient to convict of burglary, are predicated on the assumption that the burglarious entry has been proven. [Citing cases].

" 'Evidence of theft and recent possession of goods stolen was important here as establishing the identity, and the intent which accompanied the breaking and entering.' *Windolph v. People,* 96 Colo. 285. 42 P. (2d) 197. There being no direct evidence in this case of breaking and entry by Wilcox, the possession within such short time of stolen property assumed great importance in connection with identity and intent."

We discussed the sufficiency of circumstantial evidence and its probative value in criminal cases in the case of *Davis v. People,* 137 Colo. 113, 321 P.2d 1103, where we quoted with approval from *Militello v. People,* 95 Colo. 519, 37 P.2d 527:

"Exclusion of every 'possible theory other than guilt' is not required. *Conferti v. People,* 79 Colo. 666, 247 Pac. 1065. Exclusion of 'every other *rational* hypothesis,' which means *reasonable* hypothesis, is the test, and this jury is so instructed. Accepting the foregoing facts no reasonable theory, other than defendant's guilt, occurs to us as accounting for them. Doubtless such was the conclusion of the jurors. We think the evidence sufficient."

 The defendant voluntarily testified during the trial and his credibility thereupon became an issue in the case. *Hampton v. People,* 146 Colo. 570, 362 P.2d 864. On cross-examination the defendant admitted that he had been convicted of a felony. Such evidence was for the purpose of affecting the credibility of the defendant

and was so limited by the court's instructions to the jury. The testimony was clearly within the ambit of C.R.S. 1963, 154-1-1, which provides:

"* * * but the conviction of any person for any felony may be shown for the purpose of affecting the credibility of such witness; and the fact of such conviction may be proved like any other fact, not of record, either by the witness himself, who shall be compelled to testify thereto, or by any other person cognizant of such conviction, as impeaching testimony or by any other competent testimony. * * *."

■■ When a party admits a charge in a judicial proceeding, his opponent is relieved of the necessity of proving any fact so admitted.

. We have searched the record and are unable to find error.

■■ The evidence herein, although largely circumstantial, is sufficient to sustain the conviction of the defendant.

The judgment is affirmed.

MR. JUSTICE MCWILLIAMS, MR. JUSTICE PRINGLE and MR. JUSTICE SCHAUER concur.