**UNITED STATES of America,**
**Appellee,**

v.

**Blair Nivin HILDRETH, Appellant.**

**No. 11349.**

United States Court of Appeals
Fourth Circuit.

Argued Nov. 6, 1967.

Decided Dec. 4, 1967.

Robert B. Blythe, Charlotte, N. C. (Court-appointed counsel), for appellant.

Wm. Medford, U. S. Atty., for appellee.

Before SOBELOFF, BRYAN and WINTER, Circuit Judges.

SOBELOFF, Circuit Judge:

Defendant Blair Nivin Hildreth was convicted of transporting a 1965 Ford Pick-up truck from Liberty, Texas to Monroe, North Carolina, in contravention of 18 U.S.C. § 2312. About two months after the vehicle was reported stolen, it was discovered behind the home of the defendant's sister and its license plates were found in her house. At trial Hildreth testified, attempting to justify his possession of the stolen truck, but the jury rejected his explanation.

■, On this appeal, the defendant contends that the District Court erred in refusing his request for a special instruction on circumstantial evidence. A complete answer to this contention, insofar as federal prosecutions are concerned, is provided in Holland v. United States, 348 U.S. 121, 139, 75 S.Ct. 127, 137, 99 L.Ed. 150 (1954), where the Supreme Court stated:

> "Petitioners assail the refusal of the trial judge to instruct that where the Government's evidence is circumstantial it must be such as to exclude every reasonable hypothesis other than that of guilt. * * * [T]he better rule is that where the jury is properly instructed on the standards for reasonable doubt, such an additional instruction on circumstantial evidence is confusing and incorrect * * *. If the jury is convinced beyond a reasonable doubt, we can require no more."

Since it is conceded that the jury was properly instructed on "reasonable doubt," we cannot ascribe error to the trial judge's refusal to grant the defendant's request.

The defendant also argues that the District Judge committed reversible error by employing different standards in respect to the scope of cross-examination of government and defense witnesses. The record does support Hildreth's charge that the government was permitted to cross-examine him at length on his previous criminal convictions, while a more restrictive standard was applied when his counsel undertook to discredit the testimony of a government witness, the defendant's sister, by inquiring into her criminal record. Defense counsel was attempting to impeach the witness when the trial judge intervened and held his line of questioning "immaterial."

■ Prior criminal convictions for felonies or misdemeanors involving moral turpitude ordinarily constitute material impeaching evidence. McCormick on Evidence, § 43, p. 90. There are times, of course, when the court may impose limits on the cross-examination of a witness, especially a defendant, when there is reason to apprehend that the prejudicial effect of the earlier convictions sought to be adduced will outweigh their possible probative force in impeaching credibility. This may be the case, for example, when the prior conviction is remote in time, too near the substance of the alleged crime for which the defendant is currently being tried, or involves no element of mendacity or deceitfulness. See Gordon v. United States, 383 F.2d 936 (D.C. Cir. 1967); Brown v. United States, 370 F.2d 242 (D.C. Cir. 1966). See also Rule 21 of the Uniform Rule of Evidence; Griswold, The Long View, 51 A.B.A.J. 1017, 1021 (1965). In the instant case, the trial judge failed to inquire into the nature of the previous convictions. His intervention and summary ruling restricting cross-examination of the prosecution witness created an unjustifiable double standard.

However, the error in the court's ruling was rendered harmless when the defendant fully corroborated his sister's earlier testimony. There was no testimony to be impeached. In these circumstances, the judgment of the District Court will be

Affirmed.