**Michael Clement SWART, a/k/a Michael Hastings, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 21968.

United States Court of Appeals
Ninth Circuit.

May 13, 1968.

---

* Honorable George H. Boldt, United States District Judge, Western District of Washington, sitting by designation.

**6**

ing. United States v. Watkins, 369 F.2d 170, 172 (7th Cir. 1967); United States v. Press, 336 F.2d 1003, 1013 (2d Cir. 1964); United States v. Cianchetti, 315 F.2d 584, 590 (2d Cir. 1963). We note also that in admitting the evidence the Court carefully admonished the jury that "evidence of this type is so far removed or so many steps removed from the person who originally claimed to have noted the license plate, it is sometimes extremely unreliable. Whether or not this is or isn't will be ultimately for you to weigh and only you, but you should look at it with some degree of caution."

Affirmed.

Clifford B. Olsen (argued), Portland, Or., for appellant.

Charles H. Turner (argued), Asst. U. S. Atty., Sidney I. Lezak, U. S. Atty., Jack G. Collins, Asst. U. S. Atty., for appellee.

Before JERTBERG, BROWNING and CARTER, Circuit Judges.

**PER CURIAM:**

The sole issue on this appeal from a bank robbery conviction is whether the court erred in admitting testimony of police officers as to the license number of the "get-away car," recorded by the officers in their official reports as the observation of persons at the scene who appeared as witnesses but who had no present recollection of the number. The textwriters suggest that when the observer testifies to the accuracy of his report to the recorder and the latter testifies to the accuracy of the recording, the trial court may in its discretion admit the contents of the written report as the recorded past recollection of the observer. 3 Wigmore, Evidence § 751 (3d ed. 1940); McCormick, Evidence § 279 (1954 ed). In any event, even if the evidence were hearsay reversal would not be required since the admissible evidence of appellant's guilt was overwhelm-