### No. 24583

**Charles J. Candelaria v. The People of the State of Colorado**
(493 P.2d 355)

Decided January 24, 1972.        Rehearing denied February 22, 1972.

Rollie R. Rogers, State Public Defender, Thomas M. Van Cleave, Deputy, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, E. Ronald Beeks, Assistant, for defendant in error.

*En Banc.*

HOWARD E. PURDY, District Judge*, delivered the opinion of the Court.

Charles J. Candelaria, the defendant below, was charged with robbery with a dangerous weapon with the intent, if resisted, to kill, maim, or wound. Convicted by jury verdict and sentenced to the penitentiary, he now brings error here.

The facts show that the victim, one Oscar O. Otto, was employed as a pharmacist at the Busy Corner Drug Store. At 6:15 p.m. on January 15, 1969, he was robbed at gunpoint of a small amount of money and a quantity of narcotics. He identified Candelaria as the robber — first, by picking out a picture from approximately 800 police photographs; then, by picking out a picture of the defendant from more recent photographs; and later, by identifying Candelaria in a line-up at the Denver Police Department.

The defendant alleges the following errors:

1. That there was insufficient evidence to support the charge of robbery with a dangerous weapon with the *intent,* if resisted, to kill, maim, or wound. This is based upon the testimony of the victim, on cross-examination, that the

defendant did not threaten physical harm, but rather that the defendant repeatedly attempted to calm him by saying, "don't be excited, relax." It is argued that the evidence merely established the fact that the defendant had a gun.

2. That the trial court erred in permitting the district attorney, upon cross-examination, to elicit from the defendant evidence of a prior felony conviction.

3. That the pre-trial photograph and line-up identifications were suggestive and thus tainted the in-court identification of the defendant and denied him due process. Even if either the suggestiveness of the photographic identification or the line-up identification taken by themselves would be insufficient to taint the in-court identification, nevertheless, the cumulative effect of both constituted a denial of due process.

4. That the district attorney in closing argument made a comment that the defendant was "con-wise." The trial court denied a timely motion for mistrial, but instructed the jury to disregard the district attorney's statement. The defendant argues that despite the instruction to disregard, the district attorney's remark was still prejudicial and that the trial court should have granted defendant's motion for a new trial.

5. That the trial court erred in allowing the district attorney to question the defendant concerning previous purchases of cough medicine at the drug store, as these questions implied that the defendant was a drug addict.

We find no error and therefore affirm.

1.

■ The victim, Mr. Otto, testified that the defendant "ordered me to stand where I was, not to shout or cry out, or somebody would get shot." This testimony places the instant case squarely within *Lucero v. People,* 161 Colo. 568, 423 P.2d 577 (1967) which holds that a threat by the defendant to shoot the victim is sufficient to require submission of an aggravated robbery charge to the jury. Such a threat is within both 1967 Perm. Supp., C.R.S. 1963, 40-5-1(2)(b), which requires "intent, if resisted, to kill, maim, or wound the person robbed, or any other person," and 40-5-1(2)(c), which

requires the "use of force, threats, or intimidation and which puts the person robbed, or any other person, in reasonable fear of death or bodily injury. . . ."

### 2.

When a defendant exercises his statutory privilege of testifying, all prior felony convictions and their nature may be shown to impeach his testimony. *Diaz v. People,* 161 Colo. 172, 420 P.2d 824 (1966); *Eachus v. People,* 124 Colo. 454, 238 P.2d 885 (1951); *Routa v. People,* 117 Colo. 564, 192 P.2d 436 (1948). Here the question was, "Mr. Candelaria, you were convicted of a felony on the fifth of March, 1963, and that was an armed robbery was it not?" Where, as here, the defendant admits the prior conviction, it is not necessary to prove the prior conviction. *Diaz v. People, supra.* The testimony as to former convictions was elicited for the purpose of attacking the defendant's credibility, and the court acted properly in so instructing the jury.

### 3.

The victim, Mr. Otto, identified the defendant on four different occasions, including an in-court identification. Prior to the in-court identification, an in camera hearing was held. At this hearing, the victim testified: that he picked out a picture of the defendant from approximately 800 other police photographs; that he was then shown more recent pictures and again picked out the defendant; and that he later viewed a line-up at the Denver Police Department and again identified the defendant. He testified that the defendant was shorter and some of his facial features were different from other persons in the line-up. It should be noted here that the defendant was represented by the public defender at the line-up and there were no objections or requests as to the line-up procedure raised at that time. The trial court ruled that there was nothing suggestive about the line-up, and that the in-court identification of the defendant was not tainted by the line-up or the photographic identification, and would be admissible. The People recite the record at considerable length to establish that the identification by Mr. Otto in this case satisfies the rule of "rebuttable presumption of fairness"

as set forth in *United States v. Wade,* 388 U.W. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). The defendant's contention of cumulative suggestivity is also not well taken. Further, it is important to note that no objections were made by defendant's counsel at the actual time of line-up.

4.

■ The trial court did not err in denying the defendant's motion for a mistrial based upon the impropriety of the district attorney's remarks in closing argument that "in considering the testimony of the defendant himself you may consider the fact that he has previously been convicted of armed robbery [and] that he is con-wise." Assuming, *arguendo,* the impropriety of the district attorney's remarks, the court immediately and subsequently instructed the jury to consider the prior conviction solely on the matter of credibility and to disregard the district attorney's remark that the defendant was "con-wise." This court must presume that the jury followed the trial court's instructions. *Rosier v. People,* 126 Colo. 82, 247 P.2d 448 (1952).

5.

■ The trial court did not err in allowing the district attorney to cross-examine the defendant on his frequent purchases of cough medicine from the Busy Corner Drug Store, which fact was initially brought out by the defendant in his cross-examination of Mr. Otto. It is the general rule that evidence of offenses other than the one for which the defendant is on trial is not admissible. *Wilkinson v. People,* 170 Colo. 336, 460 P.2d 774 (1969). However, proof of motive will not be excluded merely because it may be prejudicial to the defendant, as long as it is relevant and material. *Smaldone v. People,* 103 Colo. 498, 88 P.2d 103 (1938). Here, both money and narcotics were taken. The narcotics taken included codeine tablets and the cough medicine the defendant had repeatedly bought contained codeine. Thus, the relevance and admissibility of such evidence becomes obvious.

The judgment is affirmed.

WILLIAM B. NAUGLE, District Judge\*, participating.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE HODGES not participating.

MR. JUSTICE ERICKSON dissenting.

MR. JUSTICE ERICKSON dissenting:

I respectfully dissent.

In my opinion, the cross-examination of the defendant for the purpose of impeaching his credibility extended beyond the bounds of fundamental fairness. Furthermore, the district attorney's remarks in his closing argument concerning the defendant's previous conviction effectively deprived the defendant of a fair trial. The errors which occurred in the trial, in my mind, cannot be characterized as harmless and were certainly not harmless beyond a reasonable doubt. *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

Under C.R.S. 1963, 154-1-1, it is proper to ask an accused, when he elects to take the stand and testify in his own behalf, whether or not he has ever been convicted of a felony. The case of *Eachus v. People,* 124 Colo. 454, 238 P.2d 885 (1951), permitted the defendant to be interrogated about the type of crime that was involved. In this regard, I think the *Eachus* case improperly construed the legislative intent behind the counterpart of our present statute. See Colo. Sess. Laws. ch. 236, § 1. Unless the defendant's answer is evasive, I believe it is inconsistent with due process to bring out specific facts concerning a crime for which the defendant has been previously convicted.

In *Luck v. United States,* 348 F.2d 763 (D.C. Cir. 1965), the United States Court of Appeals for the District of Columbia interpreted a statute very similar to our own. D.C. Code § 14-305 (1961). The court held that the trial judge had discretion to deny impeachment by evidence of previous crimes where "the cause of truth would be helped more by letting the jury hear the defendant's story than by the

---

\* District Judge sitting under assignment by the Chief Justice under provisions of art. VI, sec. 5(3) of the constitution of Colorado.

defendant's foregoing that opportunity because of the fear of prejudice founded upon a prior conviction." The court went on to delineate the factors which might be relevant in exercising this discretion, including:

"the nature of the prior crimes, the length of the criminal record, the age and circumstances of the defendant, and, above all, the extent to which it is more important to the search for truth in a particular case for the jury to hear the defendant's story than to know of a prior conviction."

The *Luck* doctrine has since found acceptance in a number of circuits. *United States v. Palumbo,* 401 F.2d 270 (2d Cir. 1968); *United States v. Hildreth,* 387 F.2d 328 (4th Cir. 1967); *United States v. Allison,* 414 F.2d 407 (9th Cir. 1969); *Butler v. United States,* 408 F.2d 1103 (10th Cir. 1969).

In *Gordon v. United States,* 383 F.2d 936 (D.C. Cir. 1967), *cert. denied* 390 U.S. 1029 (1968), then Circuit Judge Burger stressed the factor of the added danger of prejudice where the prior conviction is for the same offense as that upon which the defendant is being prosecuted. He also suggested that the court be permitted to determine in advance of the defendant taking the stand whether the search for truth dictates that the defendant be allowed to testify without being prejudiced by a prior conviction.

Although this Court was unwilling to adopt the position taken in the aforementioned cases, it had ample reason to reverse on other grounds. When the district attorney in his closing argument made the comment to the effect that the defendant had been convicted of a felony and was "con-wise," he clearly went beyond proper limitations, and a mistrial should have been granted. *Brown v. People,* 132 Colo. 561, 291 P.2d 680 (1955); *Heller v. People,* 22 Colo. 11, 43 P. 124 (1895); *cf. Peters v. People,* 151 Colo. 35, 376 P.2d 170 (1962); *see Honda v. People,* 111 Colo. 279, 141 P.2d 178 (1943).

Society benefits not only when the guilty are convicted, but also when trials are fair. In my view, the defendant was not accorded a fair trial.