Ronald Kenneth MOLNAR, proceeding By and Through his legal guardian Edward MOLNAR, Edward Molnar as an individual, Plaintiffs–Appellants,

v.

Malcolm Mark LAW, Defendant–Appellee.

No. 87CA0192.

Colorado Court of Appeals, Div. I.

June 8, 1989.

Holm and Christensen, P.C., Jon L. Holm and Steven A. Christensen, Denver, for plaintiffs-appellants.

Anderson, Campbell and Laugesen, P.C., Franklin D. Patterson and Laird Campbell, Denver, for defendant-appellee.

CRISWELL, Judge.

Plaintiff, Ronald Molnar, appeals the judgment entered upon a jury verdict answering four special interrogatories in favor of defendant, Malcolm Law, upon plain-

tiff's claims for personal injuries arising from plaintiff's alleged attempt to rob defendant's house. We affirm.

## I.

■ Plaintiff first contends that the evidence was insufficient to allow the application of Colo.Sess.Laws 1982, ch. 66, § 13–80–129 at 297 (reenacted as § 13–80–119, C.R.S. (1987 Repl.Vol. 6A)) as an affirmative defense to his claims of negligence and outrageous conduct. We disagree.

The statute in question limits a right of action for a personal injury received by a plaintiff "during the commission of or during immediate flight from" the commission of a felony under certain circumstances. Under its terms, the court must dismiss the action and award costs and attorney fees to the person causing the injury, if the jury determines that the party causing the injury acted:

"(I) Under a reasonable belief that physical force was reasonable and appropriate to prevent injury to himself or to others, using a degree of force which he reasonably believed necessary for that purpose; and

(II) Under a reasonable belief that physical force was reasonable and appropriate to prevent the commission of a felony, using a degree of force which he reasonably believed necessary for that purpose." Section 13–80–119(2)(a), C.R.S. (1987 Repl.Vol. 6A) (identical language to predecessor statute applicable to incident at issue).

The events underlying plaintiff's action occurred in February 1983. It is undisputed that, during that incident, plaintiff and two other companions were on the defendant's property and defendant believed that they were engaged in an attempt to burglarize defendant's house. As a result, defendant confronted the plaintiff with a gun, and while he was taking plaintiff into his house to call the police, the gun discharged and plaintiff was wounded. The evidence would permit the reasonable inference either that the weapon discharged ac-

cidentally or that it was intentionally fired at plaintiff.

Plaintiff admits that the statute prohibits recovery by a plaintiff who is injured by a defendant during plaintiff's commission of, or immediate flight from, a felony, but he argues that the statute is inapplicable to an injury that is negligently inflicted after any flight is prevented and the perpetrator is seized. We conclude, however, that plaintiff reads the statute too narrowly.

The proper interpretation of a statute is controlled by the intent of the legislature which adopted it. *Safeway Stores, Inc. v. Smith,* 658 P.2d 255 (Colo.1983). And, in interpreting a statute, we must presume that the General Assembly intended a just and reasonable result, so that its obvious legislative intent should not be defeated by judicial construction. Section 2–4–201(1)(c), C.R.S. (1980 Repl.Vol. 1B); *People v. District Court,* 713 P.2d 918 (Colo.1986).

■ The legislative intendment underlying the statute here at issue is to allow a citizen to prevent the commission of a felony, or flight by the felon, by the use of physical force, so long as the citizen reasonably believes that such use is reasonable and appropriate and the degree of force used is reasonable, without incurring liability from any injury sustained by the other party. Under its provisions, it is irrelevant whether the injury is sustained as the result of the deliberate application of reasonable force or by the negligent use of physical force that is otherwise reasonable and appropriate under the circumstances.

■ Here, the "physical force" employed by defendant consisted of his use of a firearm to dissuade plaintiff from leaving the premises. Thus, whether the gun was discharged unintentionally or was deliberately fired to wound plaintiff, the issue of the reasonableness of defendant's actions was one for resolution by the jury.

Further, it would be unreasonable, and contrary to the legislative intent that led to its adoption, to interpret the statute to mean protection for the citizen ceased at the very moment that his actions were successful in causing the cessation of the un-

lawful actions by the other party. Until the incident is brought to a close, by law enforcement agents taking custody of the other party, for example, it cannot be said, at least as a matter of law, that the citizen is not still in the act of preventing injury to himself or others or of preventing the commission of a felony.

■ Here, there is substantial evidence in the record to support the jury's findings that plaintiff was injured as a result of defendant's use of reasonable physical force under the circumstances described by the statutory provisions. Hence, those findings must be accepted.

## II.

■ We also disagree with plaintiff's contention that the court erred in requiring the jury to return a special verdict based on the statute in advance of the jury's consideration of all other issues presented by the claims and defenses asserted by the parties.

A special verdict is one in which the jury makes special findings regarding factual questions, to which the court will then apply the law and render judgment. *Quaker City Gear Works, Inc. v. Skil Corp.*, 747 F.2d 1446 (Fed.Cir.1984), *cert. denied*, 471 U.S. 1136, 105 S.Ct. 2676, 86 L.Ed.2d 694 (1985).

The submission of issues for special verdicts is appropriate, especially when the issues are complicated or likely to confuse the jury. *See Matson v. Kivimaki*, 294 Minn. 140, 200 N.W.2d 164 (1972) (special verdict or general verdict with special interrogatories should have been used in dog bite case involving both statutory and common law remedies). Thus, the submission of special issues of fact to the jury lies within the sound discretion of the trial court. C.R.C.P. 42(a).

Here, at the close of all of the evidence, the trial court concluded that that evidence could justify a finding in favor of defendant based on the terms of the statute at issue. If so, the case would have to be dismissed, thereby eliminating the need for further proceedings. Hence, the court ordered a "bifurcation" of the issues. Although it mischaracterized the nature of its actions, in legal effect, it mandated a special verdict.

Plaintiff objected to this procedure on the grounds that high-lighting this defense would be prejudicial to him. However, overcoming the limitation of the statute was a prerequisite to his right to recover damages from defendant, and therefore, submitting this issue before the other claims and defenses was a suitable way for the court to proceed. Moreover, plaintiff had notice that the statute was being asserted against him, and he had ample opportunity at trial to show that it should not be applied to this action. We thus conclude that the court did not abuse its discretion.

## III.

■ Plaintiff also asserts that the court erred in allowing defendant to ask questions relating to plaintiff's conviction for another felony. Again, we disagree.

Evidence of a prior felony conviction is admissible to impeach the credibility of a witness. Section 13–90–101, C.R.S. (1987 Repl.Vol. 6A); *People v. Chavez*, 621 P.2d 1362 (Colo.1981), *cert. denied*, 451 U.S. 1028, 101 S.Ct. 3019, 69 L.Ed.2d 398 (1981). Moreover, the trial court does not have the discretion to foreclose the use of a witness' prior felony conviction for impeachment purposes. *People v. Velarde*, 196 Colo. 254, 586 P.2d 6 (1978).

Plaintiff complains because defendant offered the testimony to rebut the plaintiff's claim for lost income rather than to attack his credibility. However, the court concluded that the conviction was admissible under § 13–90–101 for credibility purposes. And, in light of the special verdict returned by the jury, there was no opportunity for the jury to consider it for the other purpose for which it was offered.

## IV.

Finally, since the requirements of § 13–80–119 were satisfied, the court did not abuse its discretion in granting attor-

ney fees to defendant pursuant to that statute.

The judgment is affirmed.

PIERCE and REED, JJ., concur.