Bellacosa, J.
(dissenting). I respectfully dissent and would *16 affirm the order of the Appellate Division upholding defendant’s convictions.
The past-recollection record exception evolved as a mechanism to admit appropriately reliable written material into evidence (McCormick, Evidence § 299, at 864-865 [3d ed 1984]; 3 Wigmore, Evidence § 735, at 78-84 [Chadbourn rev 1970]). The general prerequisites for admissibility are necessity, timeliness in making the writing, and verifiable accuracy of the writing (see, Russell v Hudson Riv. R. R. Co., 17 NY 134, 140). In this case, the Court extrapolates and isolates only the latter factor in overruling the evidentiary ruling of both courts below. The Court perceives a deficit in the People’s proof of the verifiability of the accuracy of the detective’s memorandum of the witness’s telephoned report of a possible viewing of the perpetrator. The Court’s reversal erects an unnecessarily rigid formula for admissibility of past-recollectian written evidence in its application of that hearsay exception. The new formulation, in effect and in practicality, contradicts the purpose of the evidentiary principle and leads to a disproportionate result in these multiple prosecutions and convictions of this recidivistic perpetrator. Moreover, I conclude that the trial record affords no basis for concluding as a matter of law that either court below abused the discretion appropriately reposed in them to make the pertinent evidentiary ruling.
At trial, Ms. Lopez testified that she heard someone banging on the door of her neighbor (the rape victim), looked outside and saw a man entering a car. She stated she wrote down the full license plate number of the car and called the police "right away”. "To the best of [her] recollection”, she relayed the license plate number to Detective Valentin, who took her call at the precinct. Detective Valentin also testified at trial that he recognized that the memorandum of Ms. Lopez’s phone call was in his handwriting. He stated that his practice or habit as a police officer, when taking messages from witnesses, was to write them down accurately.
The combined testimony from the only two participants in the telephone exchange supplies adequate assurance that the detective’s memorandum accurately represented what the caller — an obviously astute and civic-minded citizen witness— saw and immediately reported (see, United States v Booz, 451 F2d 719, 725 [3d Cir], cert denied 414 US 820; Swart v United States, 394 F2d 5 [9th Cir]; People v Velarde, 196 Colo 254, 586 *17 P2d 6, 8; see also, McCormick, Evidence § 303, at 868 [3d ed 1984]; 3 Wigmore, Evidence § 751, at 108 [Chadbourn rev 1970]). Significantly, too, the particular evidentiary datum at issue in this case — six of the seven digits of a license plate on a car connecting defendant to the scene of the crime — is highly objective, which is a key concern underpinning the past-recollection record exception (see, Peck v Valentine, 94 NY 569, 573).
Also, the trial court exhibited extraordinary attention to the issue of the admissibility of the detective’s written telephone message and carefully weighed its discretion. Nine pages of the record reflect the extended colloquy between the trial court and both counsel, culminating eventually in the court’s studiously researched and calibrated nine-page decision, recited orally from the Bench, admitting into evidence only a redacted portion of the memorandum. That decision and the Appellate Division’s affirmance of it are entitled to some deference (see, People v Raja, 77 AD2d 322, 327; 3 Wigmore, Evidence § 755, at 125 [Chadbourn rev 1970]).
The Court, in reversing, concludes nonetheless that Detective Valentin’s failure to recall receiving Ms. Lopez’s phone call or writing down her telephone message are threshold disqualifications to the admissibility of the memorandum (majority opn, at 10). The detective’s forthright admission of his memory gaps, however, is hardly a surprising development, given the one-year time span between the phone call (presumably one of many others he received that day) and the trial, and the customary busyness and distractions at a police precinct. To require officers to recall each phone message from a witness in these circumstances erects an unscaleable hurdle blocking the admission of police memoranda of this kind, written in the regular course of official precinct business.
The Court also speculates that Detective Valentin failed to "read back the plate number to Ms. Lopez for her verification” and places significant weight on that assumed failure of protocol (majority opn, at 10). Even assuming this protocol is required, it should not affect admissibility but rather should bear only on the weight to be given to the evidence in question.
To ratchet the past-recollection record hearsay exception to the level of admissibility, by promulgating these rubrics, undermines the fair and realistic development and application of the exception in a modern criminal-incident reporting, *18 record-keeping context. In short, Detective Valentin’s memorandum of Ms. Lopez’s phone call was sufficiently trustworthy, under the circumstances here, to qualify for trial court consideration as admissible evidence. Pursuant to the trial court’s balanced exercise of the pertinent discretionary factors, the memorandum was then properly admitted into evidence in its relevant part.
A closing comment is also merited with respect to the Court’s extended discussion of the renunciation affirmative defense issue in connection with defendant’s additional conviction for attempted rape and sexual abuse of a different victim. It should suffice to say in this case that no possible or reasonable view of the evidence would entitle this defendant to an instruction on that affirmative defense. The victim saved herself from rape due solely to her outwitting defendant. Defendant did nothing to even remotely warrant any exculpatory escape hatch from the criminal objective he had undertaken against this woman. The extended discussion of this issue by the Court in this case is unnecessary to the disposition here and, of even greater concern, appears to encourage speculation and inferences in future cases that this statutory affirmative defense of renunciation may be more broadly available than was ever intended under the statute and by the Legislature.
Chief Judge Wachtler and Judges Simons, Kaye and Ti-tone concur with Judge Hancock, Jr.; Judge Bellacosa dissents and votes to affirm in a separate opinion.
Order reversed, etc.