The PEOPLE of the State
of Colorado, Plaintiff

v.

Todd Quintin McKEEL, Defendant.

No. 10SA164.

Supreme Court of Colorado,
En Banc.

Oct. 18, 2010.

when it determined that McKeel could not receive a fair and impartial jury trial due to his prior felony convictions, history of drug use, and status as a confidential informant. Accordingly, we vacate the trial court's order and direct the court to set the matter for trial by jury.

## I.

Witnesses alleged that they saw McKeel assault his former girlfriend in a McDonald's parking lot, force her into his car, and drive away. The People charged him with second degree kidnapping, § 18–3–302(1), C.R.S. (2009), third degree assault, § 18–3–204(1)(a), C.R.S. (2009), and menacing, § 18–3–206, C.R.S. (2009). He also was charged with two habitual criminal counts based on his prior felony convictions for vehicular eluding and failure to register as a sex offender.

McKeel moved to waive his right to a jury trial pursuant to section 18–1–406(2), C.R.S. (2009), which provides, "the person accused of a felony or misdemeanor may waive a trial by jury by express written instrument filed of record or by announcement in open court appearing of record." He asked to proceed to a bench trial, and asserted essentially two reasons that a jury trial would offend due process in his case.

First, he argued that he would be compelled to testify to explain his defenses, which included self-defense, consent of the victim, and choice of evils, but would be subject to impeachment based on his two prior felony convictions. He contended that he had to testify to explain that he was attempting to help the victim by locating her and returning her to her parents, who had contacted him for help in dealing with her drug problems. He argued that being impeached for his conviction for failure to register as a sex offender[1] would be uniquely and highly prejudicial to a jury and would bias the jury's ability to be fair and impartial regarding the current charges against him.

Second, he contended that he could not receive a fair jury trial because his trial

Daniel H. May, District Attorney, Fourth Judicial District, Heidi Bauer, Deputy District Attorney, Rebecca L. Greenberg, Deputy District Attorney, Doyle Baker, Deputy District Attorney, Colorado Springs, Colorado, Attorneys for Plaintiff.

Douglas K. Wilson, Colorado State Public Defender, Marcus S. Henson, Deputy State Public Defender, Tamra L. Bowman, Deputy State Public Defender, Colorado Springs, Colorado, Attorneys for Defendant.

Chief Justice MULLARKEY delivered the Opinion of the Court.

In this original proceeding under C.A.R. 21, we review an order from the trial court granting defendant Todd McKeel a bench trial over the People's objection. We hold that the trial court exceeded its jurisdiction

1. According to McKeel, the underlying conviction was a thirteen-year-old California misdemeanor sexual offense.

would involve evidence showing that he was involved with drugs and was a confidential informant. He argued that a jury would be more likely to convict him on the basis of those prejudicial facts, even though he did not face drug-related charges in the instant case.

McKeel maintained that limiting instructions to the jury would not mitigate the severe prejudice to him that would result from a jury trial, and therefore due process considerations required a bench trial.

The People opposed McKeel's motion under section 16–10–101, C.R.S. (2009), which provides, "The [P]eople shall also have the right to refuse to consent to a waiver of a trial or sentencing determination by jury in all cases in which the accused has the right to request a trial or sentencing determination by jury." The People contended that McKeel had not presented any evidence "that a fair and impartial jury cannot be selected from this community." They argued that if McKeel chose to testify, the trial court would give jury instructions to limit any unfairly prejudicial impact arising from his impeachment by prior felony convictions. The People also rejected the notion that the courts should presume that a jury would be unfair or biased toward defendants with drug-related issues that were collateral to the charges at issue.

The trial court concluded that McKeel had "valid concerns" and granted his motion for a bench trial.

## II.

■ Under C.A.R. 21, we may grant relief if a trial court has abused its discretion or exceeded its jurisdiction, and appellate review upon final judgment would not afford adequate relief. *People v. Dist. Ct.*, 953 P.2d 184, 186–87 (Colo.1998). A trial court exceeds its jurisdiction when it orders a bench trial over the People's objection based on an erroneous interpretation of law. *Id.* at 187. We exercise our original jurisdiction in this case because the trial court erred in determining that a jury trial would violate McKeel's due process rights, and because principles of double jeopardy would preclude

the People from retrying him before a jury. *Id.*

## III.

■ This case presents a conflict between a defendant's desire to waive his right to a jury trial under section 18–1–406(2) and the People's desire to proceed to a trial by jury under section 16–10–101. A defendant does not have a constitutional right to waive a jury trial and may override the People's objection to a bench trial only if he establishes that a jury trial would violate his right to due process. *People v. Dist. Ct.*, 843 P.2d 6, 9, 11 (Colo.1992). If a defendant seeks to waive his right to a trial by jury and the prosecution objects, the defendant must raise his due process concerns with the trial court. *Id.* at 11. "The trial court must subsequently determine whether a jury trial would be fair and impartial in accord with the accused's right to due process of law." *Id.*

■■ It is not a due process violation for a defendant to be subject to impeachment based on his prior felony convictions. A defendant who elects to testify waives the privilege against self-incrimination and is subject to cross-examination. *Brown v. United States*, 356 U.S. 148, 154–56, 78 S.Ct. 622, 2 L.Ed.2d 589 (1958); *People v. Mozee*, 723 P.2d 117, 123 (Colo.1986). When a defendant has a prior felony conviction, his decision whether to testify is complicated by the risk of being impeached based on that conviction. *See* § 13–90–101, C.R.S. (2009) ("the conviction of any person for any felony may be shown for purpose of affecting the credibility of such witness"); *see also People v. Thompson*, 182 Colo. 198, 200, 511 P.2d 909, 910 (1973) (a criminal defendant who testifies on his own behalf puts his credibility into question and may be cross-examined regarding his prior felony convictions).

The risk of impeachment does not violate a defendant's due process rights even if it chills his willingness to testify. *People v. Henry*, 195 Colo. 309, 315–16, 578 P.2d 1041, 1045 (1978) (holding that it is not a due process violation if a defendant decides not to testify due to the risk of impeachment based on a prior felony conviction); *see also People v. Layton*, 200 Colo. 59, 61, 612 P.2d 83, 84

(1980) (holding that a defendant who elects to testify puts his credibility at issue and makes relevant his prior felony convictions, and that it is not an equal protection violation "to require a defendant to make such a choice in trial strategy"); *People v. McKenna*, 196 Colo. 367, 374, 585 P.2d 275, 280 (1978) (rejecting defendant's argument that impeachment on the basis of his prior convictions constituted a denial of due process by placing an unreasonable burden on his right to testify).

Given the risk of impeachment, a defendant with prior felony convictions must weigh the risks and benefits of testifying, particularly when he is the only witness who can offer direct evidence regarding his asserted defenses. *People v. Curtis*, 681 P.2d 504, 513 (Colo.1984). If he does not testify, he avoids impeachment but takes the risk that he will not be able to fully present his defense. If he does testify, he takes the risk that he will be impeached based on his prior felony convictions.

■ A trial by jury is the preferred mode of determining a defendant's guilt on the charges against him. *See Patton v. United States*, 281 U.S. 276, 312, 50 S.Ct. 253, 74 L.Ed. 854 (1930) (jury trials have been established as the "normal and ... preferable mode of disposing of issues of fact in criminal cases"). "As with any mode that might be devised to determine guilt, trial by jury has its weaknesses and the potential for misuse," and therefore the courts have implemented "safeguards to make it as fair as possible." *Singer v. United States*, 380 U.S. 24, 35, 85 S.Ct. 783, 13 L.Ed.2d 630 (1965). The safeguards include subjecting prospective jurors to voir dire examination, to challenge for cause, and to peremptory challenge. *Id.*

■ Additional due process safeguards apply after a jury has been seated. If a defendant is impeached based on a prior felony conviction, the trial court must instruct the jury that the defendant's prior felony conviction is to be considered in evaluating the defendant's credibility. *See* CJI–Crim. 4:07; *see also Harper v. People*, 817 P.2d 77, 85 (Colo.1991) ("cautionary instructions must accompany the introduction of ... prior convictions"). The defendant may request an

additional jury instruction that the previous felony convictions may be considered for no additional purpose. *See* CJI–Crim. 4:07.

This instruction helps to alleviate the danger that a jury may misuse evidence of a defendant's prior felony conviction as evidence that he is guilty of the crime currently charged. *People v. Chavez*, 853 P.2d 1149, 1152 (Colo.1993) (stating that a defendant is "entitled to an instruction explaining to the jury that evidence of his prior felonies was admitted only for the limited purpose of impeaching his credibility"); *Candelaria v. People*, 177 Colo. 136, 140, 493 P.2d 355, 357 (1972) (holding that a court acts properly in instructing the jury that testimony regarding former convictions is admitted for the purpose of attacking a defendant's credibility); *Diaz v. People*, 161 Colo. 172, 175–76, 420 P.2d 824, 826 (1966) (stating that when a defendant takes the stand, his credibility becomes an issue in the case and therefore his prior felony convictions are admissible with an appropriate limiting instruction to the jury).

■ We presume that jurors follow the instructions that they receive. *People v. Ibarra*, 849 P.2d 33, 39–40 (Colo.1993) (absent any showing of jury bias, the jury is presumed to have "understood and heeded the trial court's instructions"); *People v. Sepeda*, 196 Colo. 13, 23, 581 P.2d 723, 730 (1978) (a jury is presumed to have "understood and followed the [limiting] instructions of the court").

We previously have rejected a defendant's argument that a jury will treat evidence of prior convictions as evidence of bad character or a propensity to commit crimes despite a limiting instruction. *See People v. Montez*, 197 Colo. 126, 127–28, 589 P.2d 1368, 1369 (1979) ("the constitutional right to testify does not include a right to foreclose impeachment by evidence of a prior conviction" even where a defendant chooses not to testify out of fear that a jury will infer a propensity to commit crime from prior conviction evidence).

■ In light of the above, McKeel's argument that his due process rights will be

violated if he were to be tried by a jury is unavailable. He fails to take into account the adversary system's preference for a jury trial as the best factfinding forum, and the safeguards that have been put into place to help ensure that a particular jury will be fair and impartial.

Although trial by jury, like any mode of determining guilt, has its limitations, McKeel may use voir dire, challenges for cause, and peremptory challenges to weed out prospective jurors that might be unfair or biased based on his prior felony convictions or history with drugs. Once a jury has been seated and trial is underway, he can weigh for himself the risks and benefits of taking the stand in presenting his defense. If he does take the stand and is impeached, the jury will be instructed to use the prior convictions only for evaluating his credibility. He also has the option of requesting an additional instruction.

We refuse McKeel's invitation to conclude that his conviction for failing to register as a sex offender makes it per se impossible for him to receive a fair trial by jury. He cannot bypass a jury trial without the People's consent and, like any other defendant with a prior felony conviction, he will have to weigh the risks and benefits of testifying given the particular circumstances of his case.

For similar reasons, we reject McKeel's argument that it would be overly prejudicial for a jury to hear about his involvement in drugs, including his status as a confidential informant. It is common for a jury to hear potentially unsavory details about a defendant, witness, or victim in a criminal trial, including information regarding drug use or work as a confidential informant. It is no due process violation to try such cases to a jury. To hold otherwise opens the door to a bench trial whenever a jury may hear about a defendant's involvement with drugs. We do not construe due process as requiring this result and reject the trial court's conclusion otherwise.

## IV.

Because McKeel has not shown that a jury trial would subject him to a constitutionally unfair proceeding, we reject his contention that a jury trial would constitute a violation of his due process rights. We make the rule to show cause absolute. We vacate the trial court's order requiring a bench trial and direct the court to set the matter for trial to a jury.