No. 22159.

Frank Bernard Lucero *v.* The People of the State of Colorado.
(423 P.2d 577)

Decided February 14, 1967.     Rehearing denied February 27, 1967.

ROBERT W. CADDES, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, AUREL M. KELLY, Special Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MCWILLIAMS.

LUCERO was convicted by a jury of the crimes of so-called aggravated robbery and conspiracy, and in connection therewith he was thereafter sentenced to concurrent terms in the state penitentiary. By writ of error Lucero now seeks a reversal of these judgments and sentences.

Lucero first contends that the judgments and sentences must be reversed, and the information thereafter dismissed, because he was not tried within the "two terms of court" rule provided for in C.R.S. 1963, 39-7-12. In this regard the record discloses that Lucero was informed against by the district attorney on August 26, 1964 and that the subsequent trial of his case occurred on April 20 and 21, 1965. Hence, it is apparent that though Lucero was not tried within the "two terms of court" rule, he was nonetheless tried within the "one year rule," as provided for by Colo. R. Crim. P. 48(b).

In *Casias v. People*, 160 Colo. 152, 415 P.2d 344, we held that the "controlling test" is Rule 48(b), and not the aforementioned statute, namely C.R.S. 1963, 39-7-12. Nor does the record disclose that Lucero was in anywise denied the "speedy" public trial guaranteed

him by the constitution of Colorado, article II, section 16. At least certain of the delays in getting to trial were of Lucero's own making. Suffice it to say, we find no error in this regard.

■ As ground for reversal Lucero next urges that the evidence is legally insufficient to support the guilty verdict on the charge of aggravated robbery, and that the court erred in its refusal to take this particular charge from the jury. In our view the record does disclose ample evidence to justify, and indeed to require, the submission of this issue to the jury. *McGraw v. People*, 154 Colo. 368, 390 P.2d 819. Hence, an instruction defining so-called aggravated robbery was under the circumstances not only proper, but essential.

Finally, Lucero argues that it was error for the trial court to refuse to instruct the jury on *simple* robbery, as opposed to *aggravated* robbery, and to submit appropriate forms of verdict in connection with so-called simple robbery. It is quite true that in *Funk v. People*, 90 Colo. 167, 7 P.2d 823, we held that under the facts and circumstances of that case it was error for a trial court to refuse to instruct on simple robbery, and to submit appropriate forms of verdict in connection therewith. However, in *Funk v. People, supra*, the defendant's theory of the case was that he was not guilty of *aggravated* robbery, though he apparently admitted being guilty of *simple* robbery. And this court noted that there was evidence which tended to negate the specific intent necessary to make the crime that of *aggravated* robbery. Indeed, in the *Funk* case the defendant took the stand and testified that the gun used in the robbery was unloaded and that he had no intent to kill, maim, or wound, even if resisted. It was in that factual setting, then, that this court held that it was error not to instruct the jury as to *simple* robbery.

■ In our view, however, the instant case is readily distinguishable from *Funk v. People, supra*, on several grounds. Lucero's theory of the case was alibi and

Lucero himself took the witness stand and testified that at the time and place of the robbery he was at home, watching television. More importantly, however, in the instant case there was evidence that Lucero and his confederate threatened to shoot their victim, and in connection therewith the record fails to disclose any facts or circumstances which would in anywise tend to negate the People's evidence showing that Lucero and his confederate did possess the specific intent to kill, maim, or wound, if resisted. We hold, then, that this case comes under the rationale of *Vigil v. People*, 158 Colo. 268, 406 P.2d 100, and is not governed by *Funk v. People, supra*.

The judgment is affirmed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE PRINGLE and MR. JUSTICE HODGES concur.