No. 23659.

Frank Bernard Lucero *v.* The People of the
State of Colorado.
(476 P.2d 257)

Decided November 2, 1970.

R OLLIE R OGERS , State Public Defender, E DWARD H. S HERMAN , Public Defender, E DWARD L. K IRKWOOD , Assistant, T HOMAS V AN C LEAVE , III, Assistant, for plaintiff in error.

D UKE W. D UNBAR , Attorney General, F RANK E. H ICKEY , Deputy, J AMES F. P AMP , Assistant, A UREL M. K ELLY , Assistant, for defendant in error.

*En Banc.*

M R . J USTICE P RINGLE delivered the opinion of the Court.

L UCERO was convicted in 1965 of aggravated robbery and conspiracy to commit robbery. The information contained allegations of intent to kill, wound or maim if resisted, as provided in C.R.S. 1963, 40-5-1. The jury found Lucero guilty of "aggravated robbery, as charged in the first count of the Information." Lucero brought a writ of error from that conviction to this court claiming he had been denied a speedy trial and that he was entitled to instructions on simple robbery. *Lucero v. People,* 161 Colo. 568, 423 P.2d 577.

We held in that writ of error that Lucero had been timely tried in accordance with Colo. R. Crim. P. 48 (b), which provided the "controlling test." We also held that

Lucero was not denied a speedy, public trial as guaranteed in art. II, § 16 of the Colorado constitution.

Lucero brought a writ of habeas corpus in the United States District Court alleging he had been denied a speedy trial as required by the United States Constitution, amendment VI. The United States District Court ruled that Lucero had not presented this question to the Colorado courts, and should do so under Rule 35 (b) of the Colorado Rules of Criminal Procedure before bringing the matter to the attention of the United States courts.

Lucero then brought this 35 (b) motion in a Colorado district court. Two grounds were raised: (1) That he was denied a speedy trial as provided in the United States Constitution, amendment VI, and (2) That his sentence of more than fourteen years for robbery constituted a denial of due process as there was no specific jury finding that the robbery was committed with intent to maim, wound, or kill if resisted. Without such a specific finding, he contends that the maximum penalty for robbery is fourteen years. The trial court denied the 35 (b) motion on its face, and this writ of error is brought from that ruling. We find no error on either point, and affirm.

I.

In his 35 (b) motion, Lucero asserts that Colo. R. Crim. P. 48 (b) cannot take preference over C.R.S. 1963, 39-7-12. This matter was decided adversely to him in *Lucero v. People, supra,* and remains the law in Colorado. As to his contention that he was denied a speedy trial as required by the United States Constitution, it is our position that Colorado constitution, art. II, § 16, is congruent with the United States Constitution, amendment VI. Our conclusion in *Lucero, supra,* that Lucero had not been denied a speedy trial under the provisions of the Colorado constitution requires, therefore, the concomitant finding that the requirements of the United States Constitution concerning speedy trial have also been met.

## II.

██ We do not agree with Lucero's contention that the form of the verdict of the jury rendered illegal the sentence of fifteen to thirty years imposed upon Lucero. The charge in count one of the information alleged that Lucero committed the robbery with the intent to maim, wound, or kill if resisted. The trial court instructed specifically in the elements necessary to sustain the charge of "aggravated" robbery. See *Lucero v. People, supra.* The jury found Lucero guilty of "aggravated" robbery "as charged in the first count of the Information." Under the circumstances, this was sufficient to warrant the imposition of the more severe penalty authorized by the statute when a robbery is committed with intent to maim, wound, or kill if resisted. *Cf. Hampton v. People,* 171 Colo. 101, 465 P.2d 112.

## III.

 In their brief, the People raise the point that since Lucero did not raise the allegations he has now brought in this 35(b) motion in his original new trial motion, he should be barred. We disagree. The very purpose of a 35(b) motion is to provide a post conviction remedy subsequent to a writ of error to review constitutional errors made at trial. While it is true that on writ of error (see letter to West dated 1-11-71) we will not consider a matter not raised in a new trial motion, this constraint does not apply to a 35(b) motion.

The judgment is affirmed.

MR. JUSTICE HODGES not participating.