**Frank B. LUCERO, Petitioner,**

v.

**Wayne K. PATTERSON, Warden, Colorado State Penitentiary, Respondent.**

**Civ. A. No. C-3234.**

United States District Court,
D. Colorado.

Dec. 6, 1971.

Charles T. Flett, Arvada, Colo., for petitioner.

Duke W. Dunbar, Atty. Gen., by Aurel M. Kelly, Asst. Atty. Gen., and John P. Moore, Deputy Atty.Gen., Denver, Colo., for respondent.

## ORDER

CHILSON, District Judge.

In 1965, the petitioner was convicted in the State court of robbery and conspiracy to commit robbery. His conviction was affirmed upon the appeal. Lucero v. People, 161 Colo. 568, 423 P.2d 577.

For the second time, he seeks his release by petition in this court for a writ of habeas corpus.

The present petition sets forth four grounds which are:

1. The state court failed to accord the defendant the right to a speedy trial, in violation of his rights under the Sixth Amendment of the Federal Constitution.

2. That he was not brought to trial within the time required by the Colorado Rules of Criminal Procedure and the appropriate Colorado statutes.

3. That the jury did not make a finding in its verdict, of the elements constituting aggravated robbery, and that this failure deprived the petitioner of due process of law to which he was entitled by the Fourteenth Amendment to the Federal Constitution.

4. That the trial court failed to instruct on "specific intent" in violation of due process to which he was entitled under the Fourteenth Amendment to the Federal Constitution.

At the request of the petitioner, counsel was appointed to represent him. Counsel for the parties have submitted briefs in support of their respective positions, from which it appears that the essential facts are not in dispute and that only issues of law are presented for the Court's determination. No good purpose would be served by having an evidentiary hearing.

With regard to the petitioner's contention that he was denied a speedy trial, guaranteed to him by the Sixth Amendment, the facts are, that on August 26, 1964, the charges against the defendant were filed; two days later, counsel was appointed to defend him; the matter was continued to September 4, for arraignment and trial setting; on September 4, defendant pleaded not guilty and trial was set for December 9, 1964; on December 9, the matter was continued for one week to hear defendant's motion for severance, as he was charged jointly with another defendant, and the People's motion to amend the information and endorse additional witnesses; on December 16, the motions were argued and granted; the charges against defendant were set for trial on March 22, 1965; the case was called for trial on that date, and was continued to April 20, because defendant's counsel was scheduled to defend another case which was set for trial on the same date; the case was tried on April 20 and 21, and the jury

rendered a verdict of guilty on both counts.

The constitutional right to a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstance. It secures rights to a defendant and it does not preclude rights of public justice. The delay must not be purposeful or oppressive and the essential ingredient is orderly expedition and not mere speed. Whether delay in completing a prosecution amounts to an unconstitutional deprivation of rights depends upon the circumstances. See United States v. Ewell, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627 and cases cited therein.

Applying these standards to the facts and circumstances of this case, it is obvious and the Court finds that the defendant was not deprived of his Federal Constitutional right to a speedy trial.

The petitioner's second contention that he was not brought to trial within the time required by the Colorado Rules of Criminal Procedure, and the Colorado statutes raise no Federal Constitutional questions since the Court has found that the defendant was not denied a speedy trial as required by the Federal Constitution. Whether or not the trial was in accord with the Colorado rules and statutes is a matter for state determination, and we note that the Colorado Supreme Court has determined that the petitioner had a speedy trial under the provisions of the Colorado Constitution. Lucero v. People, 476 P.2d 257 (Colo. 1970).

The petitioner's third contention is that he was deprived of due process for the failure of the jury to return a special finding in its verdict of the elements necessary to constitute aggravated robbery under the laws of the State of Colorado.

The Supreme Court in Lucero v. People, supra, determined that such special findings are not required by Colorado law and we determine that there is no such requirement in the Federal Constitu-

tion. The trial court instructed the jury as to the elements necessary to be proven by the State to sustain the charge of aggravated robbery. The jury's verdict of "Guilty" is all that was required by way of a verdict.

The petitioner's fourth and last contention, that the Court, in failing to give an instruction on specific intent, deprived the petitioner of his right to due process under the Fourteenth Amendment to the Federal Constitution, is without merit. There is no evidence that petitioner tendered an instruction on "specific intent" and that it was refused. The record shows that the trial court instructed the jury:

"That to constitute the crime of aggravated robbery, the defendant must have been at the time of the robbery, armed with a dangerous weapon, *with intent*, if resisted, to kill, maim, or wound the person robbed, or some other person." [Emphasis supplied]

The Court finds no denial of the petitioner's right to due process under the Federal Constitution.

It is therefore ordered that the petition be and the same is hereby denied.