**The PEOPLE of the State of Colorado,**
**Plaintiff–Appellee,**

v.

**James THURMAN, Defendant–Appellant.**

**No. 96CA0251.**

Colorado Court of Appeals,
Div. II.

May 15, 1997.

Rehearing Denied July 17, 1997.

Certiorari Denied Dec. 15, 1997.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Lynne DeLisi Oliva, Special Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Anthony Viorst, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge TAUBMAN.

Defendant, James Thurman, appeals from a judgment of conviction entered upon a jury verdict finding him guilty of distribution of a controlled substance, possession of a controlled substance, and conspiracy to distribute a controlled substance. We affirm.

A confidential informant working with the police arranged to buy cocaine from defendant's wife. The informant and an undercover police officer went to defendant's home to purchase the cocaine. Defendant's wife was not at home. In defendant's presence, the officer handed the informant a predetermined sum of money. While the officer re-

mained in the dining room, defendant and the informant entered a bedroom. Upon exiting the bedroom, the informant handed the officer a packet of cocaine.

## I.

■ Defendant contends that the trial court erred by denying his motion to require the prosecution to elect between the theories that he was a principal in the offense of distribution or that he was a complicitor therein, or by refusing his request that the court give a modified unanimity instruction on this count requiring that the jury unanimously conclude either that he was a principal or a complicitor. We disagree.

A person is legally accountable as principal for the behavior of another constituting a criminal offense if, with the intent to promote or facilitate the commission of the offense, he or she aids, abets, or advises the other person in planning or committing the offense. Section 18–1–603, C.R.S. (1986 Repl.Vol. 8B).

■ Complicity is not a separate and distinct crime or offense under the criminal code, and it is not necessary specifically to charge complicity. It is merely a theory by which a defendant becomes accountable for a criminal offense committed by another. *People v. Thompson*, 655 P.2d 416 (Colo.1982).

■ Therefore, when two or more people engage jointly in a crime, a complicity instruction provides an alternative ground for conviction. *People v. Naranjo*, 200 Colo. 11, 612 P.2d 1106 (1980) (when jury could find either that defendant assisted others or that others assisted defendant, complicity instruction merely provided alternative ground for conviction).

■ However, when there is evidence of many transactions, any one of which would constitute the offense charged, the prosecution may be compelled to select the transaction on which it relies for a conviction or, in the alternative, the jurors should be instructed that in order to convict the defendant they must either unanimously agree that the defendant committed the same act or acts or that the defendant committed all the acts described by the victims and included within

the period charged. Nevertheless, such an election or instruction is not necessary when the crimes charged occurred in a single transaction. *People v. Collins*, 730 P.2d 293 (Colo.1986); *People v. Hanson*, 928 P.2d 776 (Colo.App.1996).

■ Further, when a defendant is charged with alternative means of committing the same offense within a single count, not with two distinct offenses in separate counts, and evidence is presented regarding a single transaction, the prosecution is not required to select a single alternative. *People v. Wright*, 678 P.2d 1072 (Colo.App.1984) (election not required when defendant could be found guilty, in single transaction, of either selling or dispensing controlled substance).

Here, defendant had been charged by information with distribution of a controlled substance, possession of a controlled substance, and conspiracy. The jury was instructed on the elements of these crimes and also on the theory of complicity. *See COLJI–Crim.* No. 6:04 (1983).

Thus, because complicity is not a separate offense but merely a theory by which defendant could have been convicted of the offense of distribution, and because defendant was charged and convicted of offenses which arose from a single transaction, we conclude that the trial court did not err by not requiring the prosecution to elect between the theories of distribution as a principal and as a complicitor or by not providing a modified unanimity instruction to the jury.

## II.

Defendant next contends that a juror slept through a portion of the trial, and therefore, the trial court erred by not granting a new trial. We find no error.

■ When evaluating a claim of juror misconduct, the trial court's determination should not be reversed absent an abuse of discretion, and a defendant must show that he or she was prejudiced by the alleged misconduct. *People v. Hayes*, 923 P.2d 221 (Colo.App.1995).

■ Here, defendant moved for a new trial because he had been informed by two

attorneys from the public defender's office that they had observed a juror sleeping during portions of the trial. At a hearing on the motion, one public defender testified that she was in the courtroom for approximately 15 to 20 minutes and noticed that the juror appeared to be asleep for several minutes. The other public defender testified that she was present for 30 to 40 minutes and also noticed that the juror appeared to be asleep at times.

However, a witness coordinator for the district attorney's office testified that, although she had observed that the juror's eyes were closed at times, she opined that the juror was merely concentrating and not sleeping because the juror would occasionally open her eyes. Further, the prosecutor noted that during *voir dire* the juror had closed her eyes and appeared to be asleep but, with her eyes closed, would respond along with the other jurors to questions posed to the jury panel.

The court acknowledged that it had observed the juror with her eyes closed and that she appeared to be asleep but found that she had not actually been sleeping.

In light of this conflicting testimony, we conclude that the trial court did not abuse its discretion in determining that the juror had not been sleeping and, accordingly, did not err in denying defendant's motion for a new trial.

### III.

Defendant next contends that his convictions for distribution of a controlled substance and possession of a controlled substance must be vacated because these offenses are contained in the same statute. He also asserts that these convictions must be vacated because possession is a lesser included offense of distribution. We disagree.

### A.

■ We reject defendant's contention that he may not be convicted of two offenses contained in the same statute. When any conduct of a defendant establishes the commission of more than one offense, the defendant may be prosecuted for each such offense. Section 18-1-408, C.R.S. (1986 Repl. Vol. 8B).

Defendant's relies upon *People v. Moore,* 877 P.2d 840 (Colo.1994) and *People v. Glover,* 893 P.2d 1311 (Colo.1995) for the proposition that a defendant cannot be convicted of more than one offense contained in the same statute. However, such reliance is misplaced.

*Moore* holds that a defendant may be convicted of more than one offense arising out of a single incident if he or she has violated more than one statute. However, this holding does not preclude a defendant from being convicted of more than one offense contained within a single statute.

Similarly, the *Glover* court held that only one conviction for murder is proper when there is a single victim. But, the court did not determine that a defendant could not be convicted of multiple offenses contained in statutes such as § 18-18-405, which is at issue here.

Thus, we conclude that defendant's convictions for distribution and possession of a controlled substance may stand even though they are based upon the same statutory section.

### B.

■ Next, defendant contends that his conviction for possession of a controlled substance must be set aside because it is a lesser included offense of distribution of a controlled substance. However, defendant's argument is foreclosed by decisions of the supreme court holding that the possession of a narcotic or dangerous drug is not a lesser included offense of sale of that drug. *People v. Bloom,* 195 Colo. 246, 577 P.2d 288 (1978) (possession of marijuana is not lesser included offense of the sale of marijuana); *People v. Holcomb,* 187 Colo. 371, 532 P.2d 45 (1975) (possession of dangerous drug is not lesser included offense of sale of that drug).

### IV.

■ Defendant also contends that the General Assembly's classification of conspiracy to distribute a schedule II controlled sub-

stance as a class three felony pursuant to § 18–18–405, C.R.S. (1996 Cum.Supp.) violates the constitutional guarantee of equal protection of the law with respect to his sentence. He asserts that, since distribution of a schedule II controlled substance is a class three felony and, generally, conspiracy to commit a class three felony is a class four felony, there is no rational basis for treating persons convicted of conspiring to distribute schedule II drugs differently from persons convicted of conspiring to commit other class three felonies. We disagree.

█ It is the prerogative of the General Assembly to establish the penalties which apply to particular criminal offenses and it is entitled to establish more severe penalties for acts which it determines have greater social impact and more grave consequences. Legislative enactments, however, are always subject to constitutional constraints. *Smith v. People,* 852 P.2d 420 (Colo.1993).

█ Equal protection requires that statutory classifications of crimes be based on differences that are real in fact and are reasonably related to the purposes of the legislation. Harsher penalties for crimes committed under different circumstances than those which accompany the commission of other crimes do not violate equal protection guarantees if the classification is rationally related to differences in the acts or the conduct proscribed. Therefore, it is clearly within the power of the General Assembly to punish the attempt to induce the sale of a controlled substance or conspiring to sell a controlled substance with greater severity than other acts which may constitute criminal attempt or conspiracy. *People v. Roy,* 723 P.2d 1345 (Colo.1986).

Any person who distributes or conspires to distribute a controlled substance listed in schedule II of part two of article 18 of the criminal code commits a class three felony. Section 18–18–405, C.R.S. (1996 Cum.Supp.). However, § 18–2–206, C.R.S. (1996 Cum. Supp.) provides that a conspiracy to commit a class three felony is a class four felony. Therefore, while the General Assembly generally has provided that the punishment of conspiracy shall be less severe than the punishment for the substantive offense, it has chosen to classify conspiracy to distribute controlled substances with the same severity as the actual distribution thereof.

In *Roy,* the defendant contended that his right to equal protection of the laws was violated because the unlawful distribution of a controlled substance statute under which he was convicted proscribed the same conduct forbidden by the criminal attempt statute and the conspiracy statute but carried a greater penalty. Nevertheless, the supreme court rejected his equal protection challenge because of the broad discretion afforded to the General Assembly to impose more severe penalties for acts which have greater social impact.

Here, defendant contends that persons convicted of conspiring to distribute a controlled substance class three felony and those convicted of conspiracy to commit any other class three felony are similarly situated but punished differently.

Nonetheless, we agree that the General Assembly could reasonably determine that conspiracies to distribute drugs have greater social impact and more grave consequences than conspiracies to commit other offenses, and accordingly, it is entitled to determine that such offenses should carry harsher penalties.

Thus, we conclude that the General Assembly's classification of conspiracy to distribute a schedule II controlled substance as a class three felony does not violate defendant's right to equal protection of the law.

Judgment affirmed.

CRISWELL and MARQUEZ, JJ., concur.