The **PEOPLE** of the State of Colorado, Petitioner–Appellee,

In the Interest of **A.C., IV,** Juvenile–Appellant,

and

Concerning **A.C. and C.C., Respondents.**

No. 98CA0552.

Colorado Court of Appeals, Div. V.

April 29, 1999.

Rehearing Denied May 27, 1999.

Certiorari Granted Jan. 18, 2000.

Ken Salazar, Attorney General, Barbara McDonnell, Chief Deputy Attorney General, Michael E. McLachlan, Solicitor General, Steven C. Posner, Assistant Attorney General, Denver, Colorado, for Petitioner–Appellee

Dennis W. Hartley, P.C., Dennis W. Hartley, Richard B. Levin, Colorado Springs, Colorado, for Juvenile–Appellant

Opinion by Judge BRIGGS.

A.C., IV, a juvenile, appeals the denial of his request for a jury trial in delinquency proceedings. The juvenile court found him guilty of possession of a handgun by a juvenile and of the commission of an act that would constitute criminally negligent homicide. We affirm.

I.

A.C. first contends he was entitled to a jury trial pursuant to § 19–2–107, C.R.S. 1998. We disagree.

As relevant here, § 19–2–107 states:

(1) In any action in delinquency in which a juvenile is alleged to be an aggravated juvenile offender, as described in section 19–2–516, or is alleged to have committed an act that would constitute a crime of violence, as defined in section 16–11–309, C.R.S., if committed by an adult, the juvenile or the district attorney may demand a trial by a jury of not more than six persons except as provided in section 19–2–601(3)(a), or the court, on its own motion, may order such a jury to try any case brought under this title, except as provided in subsection (2) of this section.

(2) The juvenile is not entitled to a trial by jury when the petition alleges a delinquent act which is a misdemeanor, a petty of-

fense, a violation of a municipal or county ordinance, or a violation of a court order.

The statute thus creates three classifications in regard to jury trials. If the petition of delinquency alleges that the juvenile is an aggravated juvenile offender or has committed an act constituting a crime of violence, the juvenile is entitled to a jury trial. Conversely, if the petition alleges delinquency based on the commission of one of the less serious crimes listed in § 19-2-107(2), C.R.S. 1998, the juvenile is precluded from a jury trial. In the third category, which includes the charges against A.C., the court on its own motion "may" order that a jury try any case, except those specified in § 19-2-107(2).

■ When, as here, the context of a statute does not otherwise require that "may" be construed to mean "shall," the term must be given its ordinary meaning. The result is that the juvenile court here had discretion to grant A.C. a jury trial, but it was not required to do so. *See People v. Gallagher,* 194 Colo. 121, 124, 570 P.2d 236, 238 (1977)("may" implies a "broad" grant of discretion); *People in Interest of R.F.A.,* 744 P.2d 1202 (Colo.App.1987)(when trial court "may" dismiss action on its own motion, the decision lies within the trial court's sound discretion); *see also United States v. Rodgers,* 461 U.S. 677, 103 S.Ct. 2132, 76 L.Ed.2d 236 (1983); *Reynolds v. Spears,* 93 F.3d 428 (8th Cir.1996). A.C. has not argued that the trial court's refusal to order a jury trial constituted an abuse of discretion.

■ We recognize that, even when the context of a statute does not otherwise require it, the term "may" can be construed as "shall" to avoid an unconstitutional result. *See Duprey v. Anderson,* 184 Colo. 70, 518 P.2d 807 (1974); *see also Danielson v. Castle Meadows, Inc.,* 791 P.2d 1106 (Colo.1990). Thus, our conclusion is that, at least absent a corresponding constitutional right, § 19-2-107 did not afford A.C. a statutory right to a jury trial.

## II.

A.C. contends that he had a constitutional right to a jury trial because he faced potential commitment to the Department of Human Services for over six months. He relies on the express rights under the federal and state constitutions to a jury trial in criminal proceedings. Those rights apply to an adult charged with a "serious" criminal offense, involving possible incarceration of over six months. He further relies on his rights to due process and equal protection, again as provided under both constitutions. We are not persuaded.

■ Juvenile proceedings, while in some aspects similar to adult criminal trials, also share aspects of civil proceedings. Further, juvenile proceedings have the overriding purpose, not of determining guilt and punishment, but of providing guidance and rehabilitation for the child, while protecting society. Because of the unique nature and purpose of juvenile proceedings, not all of the rights constitutionally assured to an adult accused of a crime are available to a juvenile in delinquency proceedings. *McKeiver v. Pennsylvania,* 403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971); *People in Interest of T.M.,* 742 P.2d 905 (Colo.1987); *see also L.O.W. v. District Court,* 623 P.2d 1253, 1257 (Colo.1981)("Rights provided to adult defendants in criminal proceedings ... have not been made uniformly available to juveniles because the protective purposes of juvenile proceedings preponderate over their punitive function.").

We must therefore focus on whether the federal or state constitution extends the right to a jury trial that is afforded an adult facing a serious criminal charge to a juvenile in delinquency proceedings facing possible commitment to the Department of Human Services for over six months.

### A.

A.C.'s initial argument is that the express constitutional right to a jury trial afforded an adult charged with a "serious" offense, involving incarceration of more than six months, must be construed to encompass a juvenile in delinquency proceedings facing similar consequences. We disagree.

The problem with A.C.'s argument, as applied to the federal constitution, is that the United States Supreme Court in *McKeiver v.*

*Pennsylvania, supra,* expressly declined to "inject" the right to a jury into state juvenile proceedings. This was despite the fact that the juveniles in that case faced possible commitment for over six months.

In *People in Interest of T.M., supra,* our supreme court likewise concluded that a juvenile has no right under the state constitution to a jury trial in delinquency proceedings. A.C. seeks to avoid the reach of *T.M.* by pointing out that the juvenile there, unlike the juveniles in *McKeiver,* was not facing possible commitment of over six months.

However, the supreme court in *T.M.* relied on the reasoning of the United States Supreme Court in *McKeiver.* That reasoning focused, not on the potential consequences of a delinquency adjudication, but on the unique nature of juvenile proceedings. In adopting that reasoning, the court in *T.M.* broadly concluded that the right to a jury trial under the state constitution does not extend to juvenile proceedings. *See also Lucero v. People,* 173 Colo. 94, 476 P.2d 257 (1970)(Colo. Const. art. II, § 16, which includes the right to a jury trial, is congruent with the Sixth Amendment).

■ We therefore conclude that the express constitutional right to a jury trial afforded to an adult facing a serious criminal charge does not extend to a juvenile in delinquency proceedings, under the federal or state constitution, even when the consequences include possible commitment for over six months.

### B.

■ A.C. argues in the alternative that his right to due process required that the juvenile court order a jury trial and that, to the extent § 19–2–107 provides to the contrary, it is unconstitutional. The problem again is that the same argument was rejected in *McKeiver;* under the due process clause of the federal constitution, and in *T.M.,* under the due process clause of the state constitution.

A.C. attempts to avoid the reach of these cases because he faced possible commitment for over six months. However, as already noted, the juveniles in *McKeiver* were facing the same possibility. Thus, the argument cannot succeed under the federal constitution.

In contrast, the supreme court in *T.M.,* in concluding that due process under our state constitution does not require a jury in juvenile proceedings, limited its conclusion to the "lesser offenses" specified in the statutory provision there in question. That provision was the predecessor of § 19–2–107(2), which denies a right to a jury only when the petition alleges a delinquent act which is a misdemeanor, a petty offense, a violation of a municipal or county ordinance, or a violation of a court order.

A.C. therefore argues that, at least when the consequences include possible commitment for more than six months, we are free to define a juvenile's rights protected under the due process clause of our state constitution more broadly than those protected under the federal constitution, and he urges us to do so. We decline the invitation.

Initially, we note that in *McKeiver* the Supreme Court determined that a juvenile has no fundamental right to a jury in delinquency proceedings. In the Court's view, trial by a jury does not strengthen the fact-finding function greatly, if at all. At the same time, requiring jury trials would have a significant impact on the juvenile court system. Indeed, "of all the possible due process rights that could be applied in the juvenile courts, the right to trial by jury is the one which would most likely be disruptive of the unique nature of the juvenile process." *McKeiver v. Pennsylvania, supra,* 403 U.S. at 540, 91 S.Ct. at 1983, 29 L.Ed.2d at 658.

Our supreme court in *T.M.* expressly adopted the same rationale. It concluded that under the state constitution, as under the federal constitution, the due process standard was fundamental fairness, and there was nothing "per se unfair" about a trial to the court.

Further, extending rights protected under our state constitution beyond those protected by the federal constitution has been largely within the domain of the supreme court. Equally important, when the state constitution has been construed more expansively

than the federal constitution, the purpose has customarily been to limit governmental encroachment on the rights of citizens in their daily lives. *See Henderson v. People,* 879 P.2d 383 (Colo.1994); *People v. Drake,* 748 P.2d 1237 (Colo.1988)(fn.3)("The court has expanded constitutional protections primarily regarding search and seizure issues.") (Vollack, J., concurring in part and dissenting in part); *but see People ex rel. Juhan v. District Court,* 165 Colo. 253, 439 P.2d 741 (1968)(recognizing more extensive due process right regarding burden of proof under Colorado Constitution than under the federal constitution).

In sum, we are not persuaded that this court should extend the right to due process under the state constitution to include a right to a jury in *any* delinquency proceedings.

### C.

 A.C. finally contends that the juvenile court's denial of his request for trial by jury violated his right to equal protection. The argument is that, absent a compelling state interest, a juvenile facing possible commitment for over six months cannot be denied the fundamental right to trial by jury afforded an adult facing similar consequences.

However, the argument assumes that in delinquency proceedings a juvenile facing possible commitment for over six months has the same fundamental right to trial by jury that is afforded an adult charged with a serious offense. That supposition is premised on the further assumption that delinquency proceedings and their consequences can be equated with criminal proceedings and consequences. As already discussed, these assumptions were rejected in both *McKeiver* and *T.M.*

We find no basis for concluding that a juvenile has a fundamental right to a jury trial in delinquency proceedings, even when facing possible commitment for over six months. As a result, the equal protection test to be applied is whether the General Assembly's classification is reasonable and bears a rational relationship to legitimate state objectives. *People in Interest of T.M., supra.*

The supreme court in *T.M.* concluded that the General Assembly could treat the juvenile court system differently than the adult criminal court system without necessarily running afoul of the right to equal protection, and it was not irrational to preclude jury trials in juvenile proceedings. While a different statutory provision was addressed in *T.M.,* we find its reasoning equally applicable in this case. Therefore, we find no violation of A.C.'s right to equal protection.

Judgment affirmed.

Judge DAVIDSON and Judge VOGT concur.