**The PEOPLE of the State of Colorado, Petitioner–Appellee,**

**In the Interest of J.T., Juvenile–Appellant.**

**No. 99CA1732.**

Colorado Court of Appeals, Division I.

Sept. 14, 2000.

Ken Salazar, Attorney General, Dawn M. Weber, Assistant Attorney General, Denver, Colorado, for Petitioner–Appellee.

David S. Kaplan, Colorado State Public Defender, Melissa Garscin, Deputy State Public Defender, Denver, Colorado, for Juvenile–Appellant.

Opinion by Judge METZGER.

J.T., a juvenile, appeals the judgment of delinquency entered after he was found guilty in a trial to the court of conduct that, if committed by an adult, would constitute the offense of second degree sexual assault. We affirm.

The victim, a 12–year–old girl, testified that she awoke and discovered that J.T., a teenage boy staying at her house as a guest, was having sexual intercourse with her.

## I.

J.T. first argues the trial court abused its discretion by denying his motion to continue the trial. We disagree.

The decision whether to grant a continuance is addressed to the discretion of the trial court. A trial court's decision not to grant a continuance must be affirmed unless the moving party is able to demonstrate material prejudice. The totality of the circumstances at the time of the request should be considered on appeal. *People v. Thomas*, 962 P.2d 263 (Colo.App.1997).

Here, J.T. filed a motion for a continuance the day before trial. In that motion, J.T.'s deputy public defender alleged that the transcript of an earlier suppression hearing, at which J.T. had been represented by a different deputy public defender, would not be available until the morning of trial. In addition, J.T.'s counsel alleged that, since being assigned to the case approximately three weeks before, she had been unable to contact J.T.

The trial court heard argument on the motion on the morning of trial. At that hearing, J.T.'s counsel informed the court that she had just received a transcript of the motions hearing. J.T.'s counsel also informed the court, for the first time, that she had not received a transcript of the preliminary hearing.

The trial court denied the motion for a continuance. The court observed that the case had been pending for over six months and had been previously continued twice at J.T.'s request. In addition, the court found that counsel had not exercised due diligence to obtain the transcripts in advance of trial and that J.T. was responsible for not making himself available to his attorney.

The record supports the trial court's findings. Moreover, this was a factually simple case, and J.T. has failed to articulate how he was prejudiced by the denial of his motion for a continuance. Accordingly, we perceive no abuse of discretion in the trial court's ruling.

## II.

J.T. next contends the trial court's refusal to grant him a jury trial violated his rights to due process and equal protection. Again, we disagree.

Section 19–2–107(1), C.R.S.2000, provides, in relevant part:

In any action in delinquency in which a juvenile is alleged to be an aggravated juvenile offender ... or is alleged to have committed an act that would constitute a crime of violence ... if committed by an adult, the juvenile or the district attorney may demand a trial by a jury of not more than six persons ... or the court, on its own motion, may order such a jury to try any case brought under this title....

In this case, the petition of delinquency did not allege that J.T. was an aggravated juvenile offender or that he had committed an act which would constitute a crime of violence if committed by an adult. Therefore, J.T. had no statutory right to a jury trial.

In *People in Interest of A.C.*, 991 P.2d 304 (Colo.App.1999)(*cert. granted* Jan. 18, 2000), a division of this court held that denying a juvenile a jury trial pursuant to § 19–2–107(1) does not violate the due process or equal protection provisions of the state or federal constitutions. We find the reasoning

of that opinion to be persuasive and elect to follow it.

Furthermore, we reject J.T.'s argument that a juvenile is constitutionally entitled to a jury trial whenever the adjudication of delinquency will result in a requirement that the juvenile register as a sex offender pursuant to § 18–3–412.5(8), C.R.S.2000. The statutory duty to register as a sex offender is not a criminal punishment. *See People v. Montaine,* 7 P.3d 1065 (Colo.App. 1999)(the purpose of registration is to protect the public, not to enhance the defendant's punishment for the offense). Therefore, this requirement does not give rise to a constitutional right to a jury trial in a juvenile adjudication. *See People in Interest of A.C., supra.*

The judgment is affirmed.

Judge JONES and Judge KAPELKE concur.